# 14-1561-cv

## 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

## 𝔖𝔢𝔠𝔬𝔫𝔡 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

DENISE O. SUARES,

*Plaintiff-Appellant,*

v.

CITYSCAPE TOURS, INC. DBA CITY SIGHTS NEW YORK,
JAD TRANSPORTATION INC., DBA CITY SIGHTS NEW YORK,
CITY SIGHTS NEW YORK, AND CHANDRASHEKAR SINGH,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE CITY SIGHTS NEW YORK LLC

FOX ROTHSCHILD LLP
Stanley Goodman, Esq.
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
(973) 994-7520

*Attorneys for Defendant-Appellee
City Sights New York LLC*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee City Sights New York LLC states that no publicly held corporation holds 10 percent or more of its stock.

# TABLE OF CONTENTS

<b>Page</b>

PRELIMINARY STATEMENT ....................................................... 1

STATEMENT OF JURISDICTION ............................................. 3

STANDARD OF REVIEW ......................................................... 4

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .................. 5

STATEMENT OF THE CASE .................................................... 6

STATEMENT OF FACTS .......................................................... 7

ARGUMENT ....................................................................... 10

The District Court Correctly Held that Suares's Claims Against City
Sights Must Be Dismissed ....................................................... 10

    A.    Suares Cannot Establish Her Claim that City Sights Was
        Her Employer ......................................................... 11

        1.    Suares Failed to Counter Defendants' 56.1
            Statements ...................................................... 12

        2.    Suares Did Not Seek Discovery as to the
            Employer Status of City Sights ...................................... 13

        3.    Suares Relied upon Unsupported Allegations .............. 15

    B.    The Evidence Clearly Establishes that City Sights Did
        Not Employ Suares .................................................. 16

        1.    City Sights' Local Civil Rule 56.1 Statements were
            Supported by Admissible Evidence .............................. 17

        2.    No Employment Relationship Existed Under  Title
            VII between Suares and City Sights .............................. 19

        3.    No Employment Relationship Existed Under the
            FLSA or the EPA between Suares and City Sights ....... 22

CONCLUSION .......................................................................... 23

CERTIFICATE OF COMPLIANCE ........................................... 24

CERTIFICATE OF SERVICE.................................................... 25

# TABLE OF AUTHORITIES

Page(s)

CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)..................................................................5

Arculeo v. On-Site Sales & Mktg., LLC,
425 F.3d 193 (2d Cir. 2005) ...............................................19, 20, 21

Barfield v. N.Y.C. Health and Hospitals Corp.,
537 F.3d 132 (2d Cir. 2008) ...............................................22

Bersani v. Robichaud,
850 F.2d 36 (2d Cir. 1988), cert. denied, 489 U.S. 1089 (1989)........................4

Carter v. Dutchess Cmty. Coll.,
735 F.2d 8 (2d Cir. 1984) ...............................................22

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)..................................................................4

Cook v. Arrowsmith Shelburne, Inc.,
69 F.3d 1235 (2d Cir. 1995) ...............................................20

F.T.C. v. Med. Billers Network, Inc.,
543 F. Supp. 2d 283 (S.D.N.Y. 2008) ...............................................16

Gulino v. New York State Educ. Dep't,
460 F.3d 361 (2d Cir. 2006) ...............................................19, 20

Hatcher v. Augustus,
956 F. Supp. 387 (E.D.N.Y. 1997) ...............................................21

Holtz v. Rockefeller & Co., Inc.,
258 F.3d 62 (2d Cir. 2001) ...............................................16

Kendrick v. Greenburgh Housing Authority,
No. 07 Civ. 5859, 2011 WL 1118664 (S.D.N.Y. Mar. 22, 2011)......................11

Kulak v. City of New York,
88 F.3d 63 (2d Cir. 1996) ...............................................4

O'Connor v. Davis,
    126 F.3d 112 (2d Cir. 1997) ..................................................................19, 20

Perry v. Burger King Corp.,
    924 F. Supp. 548 (S.D.N.Y. 1996) ...............................................................21

Raskin v. Wyatt Co.,
    125 F.3d 55 (2d Cir. 1997) .........................................................................11

Scaria v. Rubin,
    No. 94 Civ. 3333, 1996 WL 389250 (S.D.N.Y. July 11, 1996),
    *aff'd*, 117 F.3d 652 (2d Cir. 1997).................................................................5

Zheng v. Liberty Apparel Co.,
    355 F.3d 61 (2d Cir. 2003) .........................................................................22


STATUTES

29 U.S.C. §201, et seq...................................................................................3

29 U.S.C. §206(d) ........................................................................................3

28 U.S.C. §1291 ...........................................................................................4

42 U.S.C. §1981............................................................................................3, 6

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq..............passim


RULES

29 C.F.R. § 1620.8 ........................................................................................22

Fed. R. Civ. P. 56 .....................................................................................passim

Local Civil Rule for the Southern District of New York 56.1 ........................passim

# PRELIMINARY STATEMENT

City Sights New York LLC ("City Sights") submits this brief in response to Denise O. Suares's ("Suares") appellate brief, and in support of affirming the final judgments entered on March 14, 2014 and April 4, 2014 (the "Judgments") by the United States District Court for the Southern District of New York. The Judgments denied Suares's motion for summary judgment, granted City Sights' motion for summary judgment, granted the motion for summary judgment filed by Cityscape Tours, Inc. d/b/a City Sights New York ("Cityscape") and JAD Transportation, Inc. d/b/a City Sights New York ("JAD") (Cityscape and JAD are hereinafter collectively referenced as the "JAD Defendants"), and granted summary judgment for individual defendant Chandrashekar Singh ("Singh").

In its March 12, 2014 Memorandum and Order, the District Court held that Suares's employment was "exclusively governed" by a union agreement with the JAD Defendants and that she was "supervised and controlled entirely by the JAD Defendants and their employees," and not by City Sights. (Memorandum and Order, A1260-A1283, at 10-11). Additionally, the District Court dismissed Suares's underlying claims against the Defendants, which are the focus of her Complaint. In doing so, the District Court found Suares's hostile work environment, retaliation, FLSA and EPA claims to be meritless, and dismissed her

Title VII unequal pay claim based on gender for failing to exhaust her administrative remedies.

Despite the District Court's holding that Suares's underlying claims lack merit, a substantial portion of Suares's appellate brief is devoted to the non-existent employment relationship between herself and City Sights. Even assuming, *arguendo*, that an employment relationship exists between Suares and City Sights, which it does not, the District Court dismissed Suares's underlying claims against the Defendants as meritless. Absent valid underlying claims, the employment relationship between Suares and City Sights is irrelevant.

In granting City Sights' motion for summary judgment, the District Court applied common-law agency principles, the "single integrated employer" doctrine, and the "joint employer" doctrine to the facts of the case, and correctly determined that Suares was not employed by City Sights under any applicable test or doctrine. Absent the requisite employment relationship, the District Court properly held that Suares's employment discrimination claims against City Sights were meritless and must be dismissed.

Throughout her appellate brief, Suares appears to argue that the only reason the District Court granted City Sights' motion and denied her motion for summary judgment was because the Court disregarded her unsupported facts. However, a reading of the District Court's March 12, 2014 Memorandum and Order makes it

2

clear that the District Court did not blindly accept City Sights' Statement of Material Facts (as Suares asked the District Court to do with her Statement of Material Facts), and instead required each alleged fact be supported by admissible evidence. Regardless of Suares's assertions, the facts are clear that Suares was never employed by City Sights. Therefore, the District Court properly granted City Sights' motion for summary judgment.

## STATEMENT OF JURISDICTION

On August 15, 2011 (and later amended on February 16, 2012), Suares filed a Verified Complaint in the U.S. District Court for the Southern District of New York, stating that jurisdiction is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), and unequal pay claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Equal Pay Act, 29 U.S.C. §206(d) ("EPA"). She also asserted a claim for race discrimination pursuant to 42 U.S.C. §1981. (Joint Appendix ["A"] 46-74).

By Memorandum and Order filed March 12, 2014, Judge Nathan denied Suares's motion for summary judgment and granted City Sights' motion for summary judgment as well as the summary judgment motion of the JAD Defendants. (A 1260-1280). By separate Order dated April 4, 2014, Judge Nathan granted summary judgment for individual defendant Singh. (A1282). Shortly thereafter, on April 7, 2014, the District Court entered a Judgment terminating

3

Suares's case.  (A1283).  On April 7, 2014, Suares appealed from the District
Court's decisions, and later amended her notice on May 27, 2014.  (A 1284-1286).

The U.S. Court of Appeals for the Second Circuit ("Second Circuit") has
jurisdiction to hear Suares's appeal based upon 28 U.S.C. §1291, because her
appeal is from a final judgment that disposes of all parties' claims.

## STANDARD OF REVIEW

On appeal, the Second Circuit exercises plenary review, and applies the
same summary judgment test as applied by the district court.  See Bersani v.
Robichaud, 850 F.2d 36, 46 (2d Cir.1988), cert. denied, 489 U.S. 1089 (1989).
Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate if the movant
shows "that there is no genuine issue as to any material fact and that the moving
party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c);
Celotex Corp. v. Catrett, 477 U.S. 317, 323 n.4 (1986).  In order to prove that a
genuine issue of material fact exists, a plaintiff "may not rest upon the mere
allegations or denials of the . . . pleadings," but must by admissible evidence "set
forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.
56(e).

In this regard, mere conclusory statements, conjecture, or speculation cannot
by themselves create a genuine issue of material fact sufficient to avoid summary
judgment.  Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).  Moreover,

4

"[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (emphasis added). Thus, courts within the Second Circuit "have not hesitated to grant defendants summary judgment in [employment discrimination] cases where . . . plaintiff has offered little or no evidence of discrimination." Scaria v. Rubin, No. 94 Civ. 3333, 1996 WL 389250, at *5 (S.D.N.Y. July 11, 1996), *aff'd*, 117 F.3d 652 (2d Cir. 1997).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1)     Was the District Court correct in finding that Suares failed to establish that City Sights New York LLC was her employer, and thus potentially subject to Title VII, FLSA, and EPA liability?

2)     Assuming City Sights New York LLC was Suares's employer, did the District Court correctly determine that her claims lacked merit?[1]

3)     Was the District Court correct in finding that Suares failed to introduce admissible evidence to contest the facts asserted by City Sights in its 56.1 Statement in support of its motion for summary judgment?

---

[1] It is our understanding that the JAD Defendants will be filing an appellate brief which focuses on Suares's underlying claims, which were properly dismissed by the District Court. City Sights adopts and incorporates by reference all of the substantive arguments raised by the JAD Defendants in their brief.

## STATEMENT OF THE CASE

Suares brought this action against City Sights and the JAD Defendants by filing her Complaint in the U.S. District Court for the Southern District of New York on August 15, 2011 (Complaint, A46-A57). Plaintiff later amended her Complaint on February 16, 2012 (Amended Complaint, A61-A73) joining the individual defendant Chandrashekar Singh ("Singh") as a Defendant. While the claims brought in Suares's Complaint are somewhat unclear, she appears to allege employment-related claims, specifically sex discrimination and retaliation in violation of Title VII, unequal pay in violation of the Equal Pay Act and Fair Labor Standards Act, and race discrimination in violation of 42 U.S.C. §1981. The case arises from Mr. Singh's (a former employee of the JAD Defendants) alleged inappropriate actions directed toward Suares at a company holiday party and the Defendants' subsequent actions.

After discovery all parties (with the exception of the individual Defendant Singh) moved for summary judgment. On March 12, 2014, the U.S. District Court for the Southern District of New York (Nathan, U.S.D.J.) issued a Memorandum and Order denying Suares's motion for summary judgment, and granting City Sights' motion for summary judgment and the motion for summary judgment filed by co-Defendants JAD Transportation Inc. d/b/a City Sights New York and City Sights New York (A1260-A1280). Pursuant to Fed. R. Civ. P. 56(f), that decision

notified the parties that the District Court was considering granting summary judgment for Defendant Singh, and provided Suares a reasonable time to oppose. (April 4, 2014 Order, A1282). Suares did not file any opposition, and on April 4, 2014 the District Court issued an Order granting summary judgment for Singh, with instructions for the Clerk to terminate Suares's case. (April 4, 2014 Order, A1282). The District Court dismissed Suares's case on April 7, 2014. (April 7, 2014 Judgment, A1283).

### STATEMENT OF FACTS

City Sights operates tour buses. (City Sights 56.1 Statement, A674-A681, ¶¶ 3-7). The JAD Defendants are employee leasing companies whose employees sell, coordinate, and provide tours of New York City (and other metropolitan areas) using City Sights' tour buses. (City Sights 56.1 Statement, A674-A681, ¶¶ 3-7; JAD Defendants 56.1 Statement, A18-A42, ¶¶ 3-6).

Suares is a current employee of the JAD Defendants and has worked as a tour guide since October 9, 2007. Her claims in this action arise out of an incident that occurred at a holiday party she attended in January of 2010. (City Sights 56.1 Statement, A674-A681, ¶¶ 12-15). At that party, Suares alleges that co-defendant Chandreshekar Singh jumped onto a couch where she was sitting, threw his leg over her shoulder, and began thrusting his genitals into her face. (City Sights 56.1 Statement, A674-A681, ¶¶ 12-15). Upon observation of this incident, Colin West,

a manager who supervised ticket agents and who was employed by JAD, pulled Mr. Singh away from Plaintiff. (City Sights 56.1 Statement, A674-A681, ¶¶ 12-15).

Shortly after the party, Suares met with Tim Reis, her direct supervisor who was also employed by JAD. (City Sights 56.1 Statement, A674-A681, ¶¶ 16-17). During this meeting Suares reported that she was "sexually assaulted." (City Sights 56.1 Statement, A674-A681, ¶¶ 16-17). Mr. Reis told Suares that he would contact Michael Booker, JAD's human resource director, to discuss the allegation and asked Suares to submit a written report of the incident. (City Sights 56.1 Statement, A674-A681, ¶¶ 16-17). Once Mr. Booker was informed of the incident, he promptly held a meeting with Suares and stated that JAD would not tolerate such behavior. (City Sights 56.1 Statement, A674-A681, ¶¶ 18-19). Mr. Booker then called Rodney Trahan, another JAD employee who managed bus dispatchers such as Mr. Singh, and instructed him to remove Mr. Singh from the schedule. (City Sights 56.1 Statement, A674-A681, ¶¶ 18-19).

As discussed in more detail below, City Sights exercises no control over Suares, her co-workers, or her supervisors, and played absolutely no role in the JAD Defendants' employment of Suares, her co-workers or supervisors. (City Sights 56.1 Statement, A674-A681, ¶¶ 27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶ 160-164). Similarly, City Sights does not and cannot terminate or discipline of any of the JAD Defendants' employees. (City Sights 56.1 Statement,

A674-A681, ¶¶ 27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶ 160-164).

City Sights also does not pay the JAD Defendants' employees' salaries or provide

the JAD Defendants' employees with benefits. (City Sights 56.1 Statement, A674-

A681, ¶¶ 27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶ 160-164). In fact,

tour guides are paid pursuant to the terms and conditions set forth in a Collective

Bargaining Agreement ("CBA") with Local 1212, United Service Workers Union.

This CBA, which City Sights is not a party to, governs the terms and conditions of

Suares's and other JAD tour guides' employment with JAD. (City Sights 56.1

Statement, A674-A681, ¶¶ 27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶

160-164). This CBA authorizes only JAD, and not City Sights, to make

employment decisions that affect tour guides such as Plaintiff. (City Sights 56.1

Statement, A674-A681, ¶¶ 27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶

160-164).

City Sights, on the other hand, is an entity that operates buses used to

provide tours across New York City. (City Sights 56.1 Statement, A674-A681, ¶¶

3-7). It exercises no control over Plaintiff, tour guides, bus dispatchers (like Mr.

Singh) bus drivers, or ticket agents. (City Sights 56.1 Statement, A674-A681, ¶¶

27-29; JAD Defendants 56.1 Statement, A18-A42, ¶¶ 160-164).

In this appellate brief, City Sights addresses Suares's claims regarding the

joint employer status of City Sights, and maintains that it cannot be held liable for

Suares's claims. City Sights is not Suares's employer, and lacks the ability and authority to hire, terminate, discipline, pay, take adverse employment actions against, or grant accommodations to Suares. For these reasons, as well as those stated in the JAD Defendants' brief(s), City Sights respectfully requests that this Court enter an order dismissing Suares's appeal with prejudice.

## ARGUMENT

### The District Court Correctly Held that Suares's Claims Against City Sights Must Be Dismissed

The District Court, in its March 12, 2014 Memorandum and Order, correctly denied Suares's Motion for Summary Judgment and dismissed her claims against City Sights. As the Court stated, Suares's motion and supporting papers were "procedurally deficient in several ways." (Memorandum and Order, A1260-A1283). One key deficiency was that Suares's submissions failed to identify admissible evidence to support Suares's claims, as required by Local Rule 56.1. The Court, citing Suares's inexcusable failure, held that no reasonably jury could impose liability on City Sights as it is not Suares's employer. (Memorandum and Order, A1260-A1283, at 7-8). In contrast, the Court found that City Sights properly submitted admissible evidence in support of its motion for summary judgment to dismiss Suares's claims against it, evidence which established that City Sights did not employ Suares. (Memorandum and Order, A1260-A1283, at 8-11). Accordingly, because Suares improperly relied upon allegations within her

Complaint and Amended Complaint to provide factual support to her claims, her motion for summary judgment was properly denied.

### A.    Suares Cannot Establish Her Claim that City Sights Was Her Employer

It is well established that a plaintiff cannot prevail on a motion for summary judgment simply by repeating allegations made in his or her Complaint.  Instead, the plaintiff must rely on admissible evidence in the record.  See Fed. R. Civ. P. 56(c)(1); see also Kendrick v. Greenburgh Housing Authority, No. 07 Civ. 5859, 2011 WL 1118664, at *7 n. 13 (S.D.N.Y. Mar. 22, 2011) (denying *pro se* plaintiff's motion for summary judgment because a "plaintiff may not rely on the allegations in the Complaint, but rather must present admissible evidence."). Raskin v. Wyatt Co., 125 F.3d 55, 65 (2d Cir. 1997).  Affidavits in support of and against summary judgment shall set forth such facts as would be admissible in evidence.  Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.  Id. at 65-66.

The Southern District of New York requires that all motions for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure must include a short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issued to be tried. See Local Civil Rule for the Southern District of New York ("LR") 56.1(a). Failure to submit such a statement may constitute grounds for denial of the motion.

11

LR 56.1(a).  Opposition papers shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party.  LR 56.1(b).

Despite these requirements, Suares chose not to seek discovery regarding City Sights' alleged status as her employer, obtained no admissible evidence from City Sights, and therefore was unable to assert any legal basis for her claims that City Sights was her employer.  Additionally, Suares ignored LR 56.1(b) and did not to oppose Defendants' 56.1 statements of material facts.  Based upon Suares's failures alone, it is clear that the District Court's rulings on the parties' motions for summary judgment were proper.

### 1.    Suares Failed to Counter Defendants' 56.1 Statements

In her Appellate Brief, Suares argues that her abject failure to counter Defendants' 56.1 Statements in support of their motions for summary judgment is justifiable because Defendants submitted comprehensive 56.1 Statements, consisting of a *combined* "32 pages and 234 statements of material facts purportedly not in dispute."  (Brief for Plaintiff-Appellant ("Suares Brief"), at 16).  In fact, the Defendants were compliant with the Court's Individual Rule governing 56.1 Statement page limitations.  (Memorandum and Order, A1260-A1280, at 8).

Further, Suares claims that Defendants' 56.1 Statements consisted of "made-up undisputed material facts."  (Suares Brief, at 16).  Yet, when she had the

opportunity to oppose and counter Defendants' 56.1 statements, she declined. Her

excuse was that she "could not respond within the timeframe constraint fixed."

(Suares Brief, at 16). Regardless of the timeframe, Suares failed to counter even

one statement of material fact offered in Defendants' 56.1 Statements.

(Memorandum and Order, A1260-A1283, at 7-8). As such, the explanations

Suares offers for her failure are unmoving, her actions indefensible, and this Court

should decline to entertain her excuses.

### 2.    Suares Did Not Seek Discovery as to the    Employer Status of City Sights

Suares's assertion that City Sights is her employer is without support in the

record and is incorrect. The District Court noted that Suares's arguments "rely on

the apparent misperception that the JAD Defendant's use of the trade name 'City

Sights New York' is sufficient to impute liability to City Sights, NY LLC."

(Memorandum and Order, A1260-A1283, at 10). While the JAD Defendants use

the trade name "City Sights New York" while operating on the City Sights buses,

the District Court found that that "uncontroverted facts are that the terms and

conditions of the tour guides' employment have been exclusively governed by a

union agreement between a union and the JAD Defendants." (Memorandum and

Order, A1260-A1283, at 10). Had Suares requested any discovery from City

Sights, her apparent misperception regarding the identity of her employer would

have been remedied.

From the moment Suares decided to bring claims against City Sights in her Complaint, she should have been aware that in order to prove her claims against City Sights, she would need to prove the existence of an employment relationship. And if she was not aware at the time of her Complaint, City Sights put her on notice when it asserted an affirmative defense that it "is not [Suares's] employer and [Suares] is not [City Sights] employee." (City Sights' Answer to Amended Complaint with Affirmative Defenses, A787-A801, at ¶93). From the beginning of this litigation, City Sights has consistently and explicitly made it known to Suares that it is not her employer.

To obtain the admissible evidence necessary to refute City Sights' assertion that it was not her employer, Suares could have taken the depositions of any number of City Sights personnel, yet she failed to request the deposition of even one City Sights employee. Suares could have propounded interrogatories upon City Sights to determine whether an employment relationship existed, yet she failed to do so. Finally, Suares could have requested documents be produced by City Sights, in order to determine whether an employment relationship existed, yet she did not. In fact, despite bringing unsubstantiated claims against City Sights, Suares sought absolutely no discovery from City Sights.

### 3.    Suares Relied upon Unsupported Allegations

In her appellate brief, Suares claims that the District Court ignored supporting evidence that she submitted. (Suares Brief, at 17)  However, Suares fails to note that she filed many of the documents in support of her motion for summary judgment well beyond the court-ordered deadline to file her motion (May 3, 2013), some as late at five (5) days afterward.  (Docket Sheet, A1-A15, entries no. 49, 67-84).  Despite Suares's failure to comply with applicable Court rules and Court orders on timely filing, the District Court reviewed Suares's submissions and found that "Plaintiff's papers frequently fail to adhere to the rule that a 'party asserting that a fact cannot be . . . genuinely disputed must support this assertion by . . . (A) citing to particular parts of materials in the record, . . . or (B) showing that materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.' Fed. R. Civ. P. 56(c)."  (Memorandum and Order, A1260-A1283, at 7-8).

On May 8, 2013, Suares filed her Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.  (A754-A772).  In support of her motion for summary judgment, Suares filed a 56.1 Statement; however, she failed to identify any sources in the record for her factual assertions.  (Suares 56.1 Statement, A751-A753).  Also, in Suares's memorandum of law supporting her motion for summary judgment, the support for her factual assertions comes from

inappropriate sources, such as allegations in her own Complaint.  (Memorandum of

Law in Support of Plaintiff's Motion for Summary  Judgment, A754-A772).  As

the District Court concluded, "without proper factual support, Plaintiff cannot

demonstrate there are no genuine issues of material facts, or that she is entitled to

judgment as a matter of law."  (Memorandum and Order, A1260-A1283, at 8).

The District Court refused to overlook Suares's failure to comply with local court

rules, and denied Plaintiff's motion for summary judgment.

**B.**     **The Evidence Clearly Establishes that City Sights Did Not**
        **Employ Suares**

The District Court, in reaching its decisions on the parties' motions for

summary judgment, "[did] not blindly accept JAD and City Sights' 56.1

Statements at face value, as 'allegations are not deemed true simply by virtue of

their assertion in [the] Local Rule 56.1 statement.'"  F.T.C. v. Med. Billers

Network, Inc., 543 F. Supp. 2d 283, 302 (S.D.N.Y. 2008) (quoting Holtz v.

Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001)).  (Memorandum and

Order, A1260-A1283, at 8).  Instead, "to ensure that the 'Local Rule 56.1

statement [did not] substitute for the admissibility requirement set forth in Fed. R.

Civ. P. 56(e)," Holtz, 258 F.3d at 74, the [District] Court . . . disregarded

allegations that were 'not accompanied by citation to admissible evidence' and

allegations where 'the cited evidence [did] not support the allegation."  F.T.C. v.

Med. Billers Network, Inc., 543 F.Supp. 2d at 302.  Accordingly, the District Court

16

reviewed Defendants 56.1 statements of material facts and found that Defendants

factual assertions were supported by admissible evidence, were "undisputed and

uncontroverted," and were supportive of Defendants' motions for summary

judgment.  Among the many relevant factual assertions, the District Court found

the following to be admissible evidence:

- Suares was hired by the JAD Defendants.  (Memorandum and Order, A1260-A1283, at 4).

- At all relevant times, Suares worked for the JAD Defendants. (Memorandum and Order, A1260-A1283, at 4).

- Defendant Singh worked for the JAD Defendants as a dispatcher.

- The JAD Defendants were wholly-owned by Janet West, and neither she nor the JAD Defendants own or have any interest in City Sights. (Memorandum and Order, A1260-A1283, at 4).

- The terms and conditions of Suares's employments are exclusively governed by a union agreement between a union and the JAD Defendants.  (Memorandum and Order, A1260-A1283, at 4).

- City Sights only operates the buses used for tours, and was not Suares's employer. (Memorandum and Order, A1260-A1283, at 8).

### 1.    City Sights' Local Civil Rule 56.1 Statements were Supported by Admissible Evidence

Unlike Suares, City Sights identified competent evidence to support its

motion for summary judgment and to oppose Suares's motion.  (See City Sights

56.1 Statement, A674-A681; Memorandum of Law in Support of City Sights

Motion for Summary Judgment, A682-A701; and Memorandum of Law in Support

17

of City Sights Opposition to Plaintiff's Motion for Summary Judgment, A916-A929). The admissible evidence City Sights obtained for these purposes included, but was not limited to, the Affidavit of the co-owner of JAD Transportation, Janet West (A547–A548), the Affidavit of counsel for JAD Defendants, Christopher A. D'Angelo (A898-A900) and the Declarations of City Sights counsel, Eli Z. Freeberg (A549–A551 and A903–A905), which incorporated, among other sources of factual information, excerpts from the Deposition Transcript of Janet West (A552 – A555), excerpts from the Deposition Transcript of Plaintiff Denise O. Suares (A556 – A569), and excerpts from the Deposition Transcript of co-Defendant Chandrashekar Singh (A570 – A571).

The District Court found the factual assertions contained within the referenced depositions and included in the aforementioned affidavits to be competent and compelling. Suares had ample opportunity to review and oppose any factual statements included in Defendants' 56.1 Statements, *yet she chose not to dispute them*. Because the evidence offered by Defendants supported their motions, and because Plaintiff did not oppose the factual assertions, the District Court ruled in Defendants favor. (Memorandum and Order, A1260-A1283, at page 21)

### 2. No Employment Relationship Existed Under Title VII between Suares and City Sights

"Title VII imposes liability for employment discrimination only on an 'employer.'" <u>Arculeo v. On-Site Sales & Mktg., LLC</u>, 425 F. 3d 193, 197 (2d Cir. 2005) (citing 42 U.S.C. § 2000e(b)). To determine whether an employment relationship exists under Title VII, the Second Circuit applies factors from the common law of agency. <u>Gulino v. New York State Educ. Dep't</u>, 460 F.3d 361, 372 (2d Cir. 2006); <u>O'Connor v. Davis</u>, 126 F.3d 112, 115 (2d Cir. 1997). However, this Court should "turn to common-law principles to analyze the character of an economic relationship only in situations that plausibly approximate an employment relationship." <u>Gulino</u>, 460 F.3d at 372 (citations, alterations, and quotation marks omitted). "[A] prerequisite to considering whether an individual is an employee under common-law agency principles is that the individual have been hired in the first instance . . . [by] look[ing] primarily to whether a plaintiff has received direct or indirect remuneration from the alleged employer. <u>Id.</u>

In this case, compelling admissible evidence proves that Suares received remuneration and benefits directly from the JAD Defendants, not City Sights. (City Sights 56.1 Statement, A674-A681, ¶¶ 37-38). City Sights did not hire or schedule the Plaintiff, and does not hire, terminate, discipline, schedule or pay any of the JAD Defendants' tour guides. (City Sights 56.1 Statement, A674-A681, ¶¶ 46-47). Suares's supervisors were also only hired and employed by the JAD

19

Defendants.  (City Sights 56.1 Statement, A674-A681, ¶¶ 30-35).  Because Suares

was not "hired in the first instance," she was not in an employment relationship

with City Sights under the common law test.  O'Connor, 126 F.3d at 115.

There are two exceptions to the direct employer standard: (1) the "single

integrated employer" and "joint employer" doctrines.  See Arculeo, 425 F.3d at

197.  In relation to the corporate context, both doctrines look to evidence of "(1)

interrelation of operations, (2) centralized control of labor relations, (3) common

management, and (4) common ownership or financial control" in imposing liability

on an indirect employer.  Gulino, 460 F. 3d at 378 (citing Cook v. Arrowsmith

Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995)).

Evidence provided by Defendants establishes that there is no parent-

subsidiary relationship or common ownership between the JAD Defendants and

City Sights.  The JAD Defendants are wholly owned by Janet West, and neither

she nor the JAD Defendants own or have any interest in City Sights.  (City Sights

56.1 Statement, A674-A681, ¶¶ 4-5).  Also, there is no common management or

central control of labor relations, as Suares's supervisors were hired and employed

only by the JAD Defendants.  (City Sights 56.1 Statement, A674-A681,  ¶¶ 27-36).

The JAD Defendants used the trade name "City Sights New York" while operating

on the City Sights buses where the tour guides worked; however, admissible

evidence shows that the terms and conditions of the tour guides' employment are

20

exclusively governed by a union agreement between a union and the JAD

Defendants.  (City Sights 56.1 Statement, A674-A681, ¶¶ 160-164; 27-29; 62-66).

City Sights is not a party to the union agreement, and it plays absolutely no role in

Suares's employment with the JAD Defendants.

     Suares cannot demonstrate a triable issue of fact regarding the employer

status of City Sights.  It appears that Suares has brought claims against City Sights,

based solely upon the JAD Defendants use of the trade name "City Sights New

York."  Plaintiff has failed to produce any evidence to support her allegations that

City Sights "exercised any kind of authority" over the tour guides as an employer.

Arculeo, 425 F.3d at 202.  The appearance of the name "City Sights New York" on

"the tour buses, the uniforms, the schedules, brochures, flyers, [and] paraphernalia"

does not mean that City Sights was Suares's employer.  See Perry v. Burger King

Corp., 924 F. Supp. 548, 550 (S.D.N.Y. 1996) (granting summary judgment for

franchisor because there was no evidence it exerted control over franchisee's

employees); see also Hatcher v. Augustus, 956 F. Supp. 387, 393 (E.D.N.Y. 1997)

(finding franchisor not to be the "employer" of an employee of the franchisee, as

franchisor did not operate business and was not responsible for compensating

employee).  Based upon these undisputed facts, no reasonable jury could decide in

Suares's favor and impose liability on City Sights as her employer under Title VII.

The District Court properly dismissed Suares's Title VII claims.

### 3.    No Employment Relationship Existed Under the FLSA or the EPA between Suares and City Sights

Under the FLSA and the EPA, an alleged employer may be liable if it had sufficient formal or functional control over the alleged employee in "economic reality." See Barfield v. N.Y.C. Health and Hospitals Corp., 537 F.3d 132, 143 (2d Cir. 2008) (noting the factors used in determining employer status under the FLSA); see also 29 C.F.R. § 1620.8 (adopting the FLSA definitions of the words "'employer,' 'employee,' and 'employ'" for use in the EPA). Utilizing either of these tests, Suares cannot support her claim that City Sights was her employer.

Based upon the admissible evidence submitted by the Defendants, it is clear that City Sights did not exercise formal control over Suares's employment, as it did not have the power to hire or fire tour guides, control their schedules, or determine their pay, and did not maintain employment records. (City Sights 56.1 Statement, A674-A681, ¶¶ 27-29, 37-38, 46-47); see Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984) (defining factors for assessing formal control). In addition to not having formal control, City Sights did not even have functional control over Suares. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 71 (2d Cir. 2003) (noting factors used in finding "joint employer" liability via functional control). Although JAD Defendants' tour guides perform on City Sights buses, Suares was supervised and controlled entirely by the JAD Defendants and their employees. (City Sights 56.1 Statement, A674-A681, ¶¶ 30-35). Based upon these established facts, no

22

reasonable jury could find City Sights controlled Suares's employment with the JAD Defendants. The District Court properly dismissed Suares's FLSA and EPA claims.

## CONCLUSION

For the reasons set forth above, the judgment of the District Court should be affirmed with costs.

Dated:   New York, New York
         October 3, 2014

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:    Stanley L. Goodman, Esq.
75 Eisenhower Parkway, Suite 200
Roseland, NJ  07068
(973) 994-7520
*Attorneys for Defendant-Appellee*
*City Sights New York LLC*

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 5,195 words, excluding the parts of the

brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has

been prepared in a proportionally spaced typeface using Microsoft Word 2010 in

14-point Times New Roman font.

Dated:    New York, New York
          October 3, 2014

Respectfully submitted,

Stanley L. Goodman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2014, I electronically filed the foregoing Brief for Defendant-Appellee City Sights New York LLC (the "Brief") with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system.

Counsel of record and all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Additionally, I hereby certify that on October 3, 2014, I caused a true and accurate copy of the Brief to be served upon individual Defendant-Appellee Chandrashekar Singh, via prepaid overnight express delivery (Federal Express), at the address indicated below:

Mr. Chandrashekar Singh
114-12 141st Street
Jamaica, New York 11436

Stanley L. Goodman, Esq.